IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00249-FDW
[CRIMINAL CASE NO. 3:07-cr-00061-FDW-DCK-17]

| | |
|---|---|
| **DANIELLE JERMAINE JACKSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [CV Doc. 1[1]].

## I.  BACKGROUND

On October 15, 2007, pro se Petitioner Danielle Jermaine Jackson ("Petitioner") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute crack cocaine, cocaine, marijuana, and ecstasy, all in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (B), (C), and (D) (Count One). [CR Doc. 200 at ¶ 1: Plea Agreement; see CR Doc. 140: Superseding Indictment]. In exchange for Petitioner's guilty plea to Count One, the Government agreed to dismiss one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of distributing crack cocaine and aiding and abetting the same in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. [Id. at ¶ 2; see CR Doc. 140]. The Court sentenced Petitioner to a term of 310 months' imprisonment and a term of 10 years of supervised

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:23-cv-00249-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:07-cr-0061-FDW-DCK-17.

release. [CR Doc. 396 at 2-3: Judgment]. Judgment was entered on Petitioner's conviction on January 5, 2009. [Id.]. Petitioner did not file a direct appeal.

On March 9, 2012, Petitioner filed a Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, which was denied and dismissed with prejudice as untimely. [Civil Case No. 3:12-cv-00163-FDW, Docs. 1, 6]. The Fourth Circuit Court of Appeals dismissed Petitioner's subsequent appeal therefrom and denied a certificate of appealability. [Id., Doc. 10]. On or about July 31, 2020, Petitioner completed his custodial term of incarceration, and his 10-year term of supervised release began. [See CR Doc. 882 at 1: Petition for Warrant for Offender Under Supervision]. On January 31, 2022, the U.S. Probation Office filed a supervised release violation alleging that Petitioner committed a new law violation and twice tested positive for cocaine. [Id. at 1]. A United States Magistrate Judge thereafter issued a warrant for Petitioner's arrest. [Id. at 5].

Petitioner was arrested on February 15, 2022. On April 27, 2022, the Court held a hearing on the revocation of Petitioner's supervised release. Present at the hearing were Petitioner, his attorney, and counsel for the Government. [4/27/2022 Docket Entry]. Petitioner admitted guilt to both supervised release violations. [CR Doc. 911: Revocation Judgment]. The Court sentenced Petitioner to a term of imprisonment of 44 months on these violations and a term of supervised release of 18 months. [Id. at 2-3]. The Revocation Judgment was entered on May 12, 2022. [Id. at 1].

Petitioner filed the instant Section 2255 Motion to Vacate on April 27, 2023, challenging his revocation proceedings.[2] [CV Doc. 1]. As grounds, Petitioner states as follows:

---

[2] Petitioner's pending Section 2255 motion is not considered a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b) because Petitioner is challenging a new, intervening judgment, not his original judgment of conviction. See In re Gray, 850 F.3d 139, 142-3 (4th Cir. 2017) ("[W]hen a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b).").

2

> I feel that my counsel didn't look into my case doing the proper research. There are several issues argued or challenged he could've done but failed to do so. I wasn't pleased at all with the outcome. I ask the court for consideration and to correct my issue's.

Petitioner also asks the Court to appoint counsel for him. [Id. at 5]. Other than asking for his "issues" to be corrected, Petitioner does not state what relief he seeks.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting its initial review and examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a

3

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

The Court will deny and dismiss Petitioner's motion to vacate. Petitioner's claims are too vague and conclusory to withstand even the most favorable treatment by the Court. United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it is proper to dismiss vague and conclusory allegations). Plaintiff fails to allege what issues his attorney should have argued or challenged, what research his attorney allegedly failed to do, or how the outcome would have been different had he received effective assistance of counsel. Moreover, Plaintiff alleges only that he "wasn't pleased" with the outcome of the proceedings. Plaintiff has plainly failed to establish deficient performance or prejudice. The Court, therefore, denies Petitioner's motion to vacate with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S.

322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE** and Plaintiff's request for counsel is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: May 13, 2023

Frank D. Whitney
United States District Judge